

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EWS
F. #2022R00606

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 27, 2024

By ECF

The Honorable Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Erlene King
                Criminal Docket No. 24-374 (CBA)

Dear Judge Amon:

      The government respectfully writes to request that a proposed stipulation concerning discovery materials be so ordered by the Court. The government makes this application because there is a significant amount of discovery materials to be produced that contain personal identifying information and other sensitive information, and it believes that the proposed stipulation will enable expedited production of those materials. The proposed stipulation and order, which has been signed by the defendant, is respectfully enclosed for the Court's consideration.

                                    Respectfully submitted,

                                    BREON PEACE
                                  United States Attorney

                By:    /s/ Eric Silverberg
                       Philip Pilmar
                       Eric Silverberg
                       Assistant U.S. Attorneys
                       (718) 254-6106/6365

cc:    Counsel of Record (By ECF)

PP/EWS
F. #2022R00606

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ERLENE KING,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION AND ORDER

Cr. No. 24-374 (CBA)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ordered by the Court that a protective order be issued pursuant to Federal Rule of Criminal Procedure 16(d), stating that:

1. The government will produce material pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500 and the Government's general obligation to produce exculpatory and impeachment material in criminal cases to Defense Counsel (the "Discovery Materials").

2. Some of this material will be marked with the words "PROTECTED MATERIAL," or otherwise identified in the government's sole discretion in writing (the "Protected Material"). The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. The Protected Material will include:

    a. Personal Identifying Information, including but not limited to dates of birth, social security numbers, bank account numbers, financial statements, and other personal information;

    b. Witness statements;

c. Information that could lead to the identification of potential witnesses, including victims and/or cooperating witnesses; and

d. Information related to ongoing investigations, including information that could identify the targets of such investigations.

3. "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or was admitted to the EDNY pro hac vice to represent a defendant. "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense. Defense Counsel's Team also includes paralegals, investigators, translators, litigation support personnel and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense. Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including expert witnesses.

4. The Discovery Materials can be used by the defendant, Defense Counsel and Defense Counsel's Team in this matter only for purposes of trial preparation, defense at trial against the charges set forth in the above-captioned indictment, and any related appellate matters arising from the above-referenced trial.

5. The defendant may possess a copy of the Discovery Materials except for those documents that contain Protected Material. However, the defendant may review Protected Material in the presence of Defense Counsel or Defense Counsel's Team.

6. Defense Counsel shall review the terms of this Protective Order with the defendant and members of Defense Counsel's Team.

7. Absent further order of the Court, the defendant and her defense counsel may not disclose or disseminate the Protected Material or any information contained in those documents to anyone who has not signed this Stipulation and Order, other than Defense

Counsel's Team. If Defense Counsel seeks to make further disclosure or dissemination of the Protected Material, notice must first be provided to the government and the Court, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the propriety thereof.

8. Absent further order of the Court, the defendant and her defense counsel may not use PII, whether directly or indirectly, for any purpose.

9. Absent prior agreement of the government or permission from the Court, Protected Material shall not be included in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the Protective Order) or the public court record, including documents that have been received in evidence at other trials, except witness statements under § 3500 (even if available in the public domain or the public court record). Any witness statements shall not be included in public court filings, absent prior agreement of the government or permission from the Court.

10. If the government becomes aware that the justification for designating a particular document as Protected Material no longer exists, the government shall advise Defense Counsel and the Court that such material is no longer subject to the Protective Order.

11. Any party to this Protective Order may petition the Court at any time for a modification of the Protective Order. Defense Counsel may petition the Court at any time to challenge the government's designation of material as Protected Material or Attorneys' Eyes Only Material.

12. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

13. At the conclusion of this criminal case, Defense Counsel shall destroy or return any remaining copies of the Protected Material within 30 days of a) the entry of the judgment by the district court; or b) the resolution of any direct appeal, whichever date is later. Defense counsel may file a motion to the Court to retain the Protected Material for a longer period of time upon a showing of good cause. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. Any violation of this Stipulation and Order (a) will require the immediate return to the government of the Discovery Materials, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
October 23, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Philip Pilmar
Eric Silverberg
Assistant U.S. Attorneys

Agreed to by:

_____
Erlene King
Defendant

_____
John Wallenstein, Esq.
Attorney for Defendant Erlene King

SO ORDERED:

_____
THE HONORABLE CAROL B. AMON
UNTIED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK